# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DANNY RAVEN,

*Plaintiff*,

vs.

ROBERT BANNISTER, *et al.*,

*Defendants*.

2:13-cv-01901-JCM-VCF

ORDER

This *pro se* prisoner civil rights action by a Nevada state inmate comes before the court for initial review of the complaint under 28 U.S.C. § 1915A and on plaintiff's motion (#3) for appointment of counsel. The court defers action on the pauper application at this time.

## *Screening*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 (2009). That is, conclusory assertions that

constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *[Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556 . . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 . . . (brackets omitted).
>
> . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the present case, plaintiff Danny Raven presents a number of claims based upon nurses at High Desert State Prison ("High Desert") allegedly having given him improperly high doses of, purportedly, insulin when he was having a diabetic episode by giving him a product called "Glutose 15" when he already was unconscious. He names as defendants state corrections department medical administrator Robert Bannister and the prison warden Dwight Neven, together with nurses Debra, Sonya, and Murphy, all in both their individual and official capacities. He seeks compensatory and punitive damages, and he further asks that the court review and investigate the medical procedures at the prison for administration of insulin.

In count I, plaintiff alleges initially that his "14th amendment rights were violated due to lack of medical training and medical care causing serious medical complication[s] do [sic] to over-dose of insulin treatment(s)." In the body of the count, however, he does refer further

1  to eighth amendment protections.  Plaintiff alleges in pertinent part that nurse Debra did the
2  following:

3
4      . . . .  Plaintiff Raven states that HDSP Nurse Debra serious[ly] violated professional medical standards and medical policy when she intentionally applied "Glutose" 15 which is used
5  to treat low blood sugar.  However, HDSP Nurse Debra used her own independent judgment by violating the warning lable [sic] on
6  the Glutose 15 bottle [which] clearly states[: "]do not administer or apply to anyone who is unconscious or in diabetic shock or
7  coma by applying directly into patience [sic] mouth.["]

8  #1-1, at 4.

9      In count II, plaintiff alleges that his "14th amendment rights to be treated equally was
10 seriously denied when HSDP Nurse Sonya['s] negligence caused significant injuries and
11 unnecessary infliction of pain."  He alleges in pertinent part that nurse Sonya did the following:

12     Plaintiff Danny Raven states that HDSP Nurse Sonya negligences [sic] by misrepresenting professional medical
13 standards when she and other HDSP nurses intentionally disregarded medical label instruction on a "Glutose" 15 bottle that
14 warns[: "]Do not apply or administer to anyone who is unconscious.["] Defendant Sonya['s] lack of professional training
15 caused plaintiff to go into a serious life-threatening diabetic coma because she allow[ed] with other HDSP nurses inappropriately
16 and forcefully applied Glutose 15 directly into plaintiff's mouth while he was unconsciously [sic] in a diabetic coma.  Plaintiff
17 alleges defendants['] deliberate indifference in their medical care was a gross negligent [sic] and a result of serious injury causing
18 wanton infliction of pain by administering too much insulin.

19 #1-1, at 5.

20     In Count III, plaintiff alleges "that defendants Robert Bannister and HDSP Warden
21 Dwight Neven failures to supervise & oversee medical care violates due process."  Plainiff
22 alleges that Bannister and Neven "are legally liabiliable [sic] for all HDSP medical staff who
23 intentionally use their own personal or independent judgment when treating and performing
24 medical care on chronic inmate(s) [sic] medical diagnoses."  He further alleges that
25 "[d]efendant(s) [sic] medical malpractice actions based on alleged improper nursing care
26 mades [sic] defendant supervisor(s) [sic] liabilable [sic] for their negligence [sic] action
27 performed on plaintiff on the dayes [sic] in question." #1-1, at 6.
28     The complaint fails to state a claim upon which relief may be granted.

-3-

At the very outset, a federal constitutional claim by a state inmate for inadequate medical care arises under the eighth amendment, not under the due process or equal protection clauses of the fourteenth amendment. The due process and equal protection clauses provide no protection in this factual context that is more extensive than and/or operates independently of the eighth amendment. With particular regard to the equal protection clause, not every dissimilar treatment of allegedly dissimilar individuals gives rise to a constitutional equal protection violation. Moreover, with regard to the eighth amendment, medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not amount to deliberate indifference to a serious medical need under the eighth amendment. *See, e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *rev'd on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997)(*en banc*); *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir.1989).

Accordingly, all of plaintiff's references in the complaint to the fourteenth amendment, due process, equal protection, malpractice, misdiagnosis, failure to satisfy professional medical standards, and negligence wholly fail to state a claim upon which relief may be granted.

Rather, In order to state a claim for relief under the eighth amendment for deliberate indifference to a serious medical need, the plaintiff must present factual allegations tending to establish that the defendant official knew of and disregarded an excessive risk to inmate health or safety. *See, e.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1017-18 (9th Cir. 2010). The official both must be aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also must draw the inference. *Id.* In other words, a plaintiff must show that the official was "(a) *subjectively* aware of the serious medical need and (b) failed adequately to respond." *Id.*, (quoting prior authority, with emphasis in original).

Plaintiff has not alleged such facts in the complaint as to any defendant named in counts I and II in the complaint. Plaintiff has not presented any actual factual allegations tending to establish that any defendant was subjectively aware of an excessive risk to safety

from administering Glucose 15 to him and disregarded that risk. He instead has alleged a failure to read and follow instructions through negligence and failure to satisfy professional medical standards. Such alleged negligence, again, is not actionable under the eighth amendment.

Moreover, count III also does not state a claim for relief against the supervisory officials in their individual capacity. There is no *respondeat superior* vicarious liability under § 1983 for the alleged acts of subordinates, under the due process clause or otherwise. A supervisory official may be held liable in his individual capacity only if he either was personally involved in the constitutional deprivation or a sufficient causal connection existed between his unlawful conduct and the constitutional violation. *See, e.g., Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001). Here, plaintiff has not alleged a viable eighth amendment violation in the first instance. He further clearly seeks to predicate liability on the part of Bannister and Neven on their supervisory responsibility. He has not alleged any personal involvement by either Bannister or Neven making them liable for the alleged acts of negligence by the nurses.

Plaintiff also fails to state a claim for relief against defendant nurse Murphy. Plaintiff presents no nonconclusory allegations of actual fact in the complaint with respect to nurse Murphy. He states in the list of defendants that she "showed deliberate indifference when she ignored doctor's order[s] in treating chronic diabetic patience [sic]." He refers in passing in count III – the *respondeat superior* count – to the alleged negligence of nurses Murphy, Debra and Sonya. These formulaic conclusory assertions do not state a claim for relief against nurse Murphy. Plaintiff must allege all of his claims against each one of the defendants within the body of the counts in the complaint.

The complaint additionally fails to state a claim for relief against any defendant in their official capacity. First, claims for monetary damages from the individual defendants in their official capacity are barred by state sovereign immunity under the eleventh amendment. *See, e.g., Taylor*, 880 F.2d at 1045; *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). Second, state officials sued in their official capacity for damages in any event are not

1  "persons" subject to suit under 42 U.S.C. § 1983.  *See Will v. Michigan Dept. of State Police*,
2  491 U.S. 58, 71 & n.10 (1989).  Third, the injunctive relief sought by plaintiff is not available
3  in a federal civil rights action.  A federal court does not independently conduct investigations
4  and reviews of state agencies practices, particularly with regard to the management of state
5  prisons.  Plaintiff instead must establish a right to specified injunctive relief tailored to a
6  particular practice.  *See generally* 18 U.S.C. § 3626(a).  All official capacity claims as well the
7  claim for injunctive relief thus fail to state a claim upon which relief may be granted.

8  The complaint therefore will be dismissed, subject to an opportunity to amend to
9  correct the deficiencies identified herein, if possible.

### *Motion for Appointment of Counsel*

11  There is no constitutional right to appointed counsel in a § 1983 action.  *E.g., Rand v.
12  Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d
13  952, 954 n.1 (9th Cir. 1998)(*en banc*).  The provision in 28 U.S.C. § 1915(e)(1), however,
14  gives a district court the discretion to request that an attorney represent an indigent civil
15  litigant.  *See, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); 28 U.S.C. §
16  1915(e)(1)("The court may request an attorney to represent any person unable to afford
17  counsel.").  Yet the statute does not give the court the authority to compel an attorney to
18  accept appointment, such that counsel remains free to decline the request.  *See Mallard v.
19  United States District Court*, 490 U.S. 296 (1989).  While the decision to request counsel is
20  a matter that lies within the discretion of the district court, the court may exercise this
21  discretion to request counsel only under "exceptional circumstances."  *E.g., Terrell v. Brewer*,
22  935 F.2d 1015, 1017 (9th Cir. 1991).  A finding of exceptional circumstances requires an
23  evaluation of both the likelihood of success on the merits and the plaintiff's ability to articulate
24  his claims *pro se* in light of the complexity of the legal issues involved.  *Id.*  Neither of these
25  factors is determinative and both must be viewed together before reaching a decision.  *Id.*

26  In the present case, plaintiff has demonstrated a sufficient ability to articulate his legal
27  position on a lay basis, but his factual allegations do not state a claim upon which relief may
28  be granted.  It further is unlikely that plaintiff – whether with counsel or without – will be able

to establish a viable claim for relief based upon deliberate indifference in violation of the eighth amendment premised upon nurses providing an overdose of insulin by giving a patient Glutose 15. For purposes of review of the counsel motion only, not for screening of the complaint, the court takes judicial notice of the content of the National Institute of Health (NIH) web page concerning Glutose 15. Contrary to the plaintiff's apparently mistaken impression, the NIH webpage reflects that Glutose 15 is not insulin. It instead is a nonprescription sugar-based gel product. It thus would appear that plaintiff could not be subjected to an overly large dose of insulin by nurses administering Glutose 15. The labeling does caution against administering the product "to any person who is unconscious or unable to swallow." However, it would appear that this caution has nothing to do with the risk of administering too much insulin – given that Glutose 15 is not insulin – as opposed to other risks.[1]

It accordingly would be a waste of time and resources to ask a private attorney to voluntarily take what very well may be a wholly baseless civil action. Plaintiff should pay heed to Rule 11(b)(3) of the Federal Rules of Civil Procedure if he pursues this matter further, which requires that all factual contentions that he makes either currently have evidentiary support or be capable of being supported by competent evidence. It appears at present that plaintiff perhaps misunderstands what Glutose 15 is and what it does.

IT THEREFORE IS ORDERED that the clerk shall file the complaint and that the complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to leave to amend within **thirty (30) days** of entry of this order to correct the deficiencies in the complaint if possible.

---

[1]See: http://dailymed.nlm.nih.gov/dailymed/fda/fdaDrugXsl.cfm?id=24652

The NIH webpage reflects, *inter alia*, that Glutose 15 is a nonprescription flavored oral glucose gel that delivers 15 grams of glucose and consists of "purified water, dextrose (d-glucose) USP 40% glycerin, lemon flavoring, and preservatives in an oral gel base."

The court, again, refers to the NIH webpage solely with regard to the counsel motion, not with regard to screening of the complaint. Moreover, nothing in this order implies that a request to counsel necessarily will be made if plaintiff presents claims that proceed to service following further screening. The court simply notes in denying the present motion for counsel that the action appears to be based upon a flawed factual premise.

1    IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, **2:13-cv-01901-JCM-VCF**, above the word "AMENDED" in the space for "Case No."  Under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings.  Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

    IT FURTHER IS ORDERED that action on the pauper application (#1) is deferred at this time.

    IT FURTHER IS ORDERED that the motion (#3) for appointment of counsel is DENIED.

    If an amended complaint is filed in response to this order, the court will screen the amended pleading before ordering any further action in this case.

    If plaintiff does not timely mail an amended complaint to the clerk for filing, a final judgment dismissing this action will be entered without further advance notice.  If the amended complaint does not correct the deficiencies identified in this order and otherwise does not state a claim upon which relief may be granted, a final judgment dismissing this action will be entered.  In either event, the pauper application will be acted on in connection with the judgment.

    DATED:   April 23, 2014.

    _____
    JAMES C. MAHAN
    United States District Judge